## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

IN RE:                                                                                                          CHAPTER 11

DAWAHARE'S OF LEXINGTON, LLC                                                      CASE NO. 08-51381

    DEBTOR

### DEBTOR'S MOTION TO DISMISS CASE

Comes the Debtor and moves the Court to dismiss the within Case and to enter the proposed "Agreed Order of Dismissal," and as grounds therefore state as follows:

1.    This Case commenced as a Chapter 11 on May 30, 2008 and the Debtor has continued herein as a Debtor-in-Possession.

2.    On August 29, 2008 this Court approve and signed the "Agreed Global Settlement . . . Hoover's Furniture, LLC" (Doc. No. 224) which, inter alia, required (A) the parties to establish an escrow account maintained by counsel for the Committee (the "Escrow Account") of $300,000 for the sole purposes of (i) payment on the claims of general unsecured creditors and (ii) payment of all of the Committee's professionals and (B) the Debtor to liquidate its assets in an orderly fashion and to dismiss this Case on or before December 31, 2008 ("Global Settlement Order").

3.    The Debtor has now liquidated all of its assets and there now remains:

    A.    In the Debtor's Estate: DIP Funds of $511,674.72,[1] and

---

[1]    This is the net, after satisfaction of all ordinary course bills, invoices and charges and after satisfaction of compensation for Joe Dawahare, the last remaining officer of the Debtor, of $510,500.00; and refund of $1,174.72 unearned attorneys' fees held by Counsel for a total of $511,674.72. Of this amount $7,256 is uncollected cash surrender funds that should be received in December, 2008. This amount of $511,674.72 is available for distribution to creditors in order of the priorities fixed by the Code.

Dawahares\Dismissal Motion

  B. In the Escrow Account: the Unsecured Creditors' Carveout of a net of $128,500.00.[2]

By separate "Joint Motion to Disburse Funds" filed simultaneously herein, the Debtor and Committee have jointly asked the Court to approve final distribution of all funds held by the Debtor and the Committee.

  4. After entry of a dismissal order and an order of distribution the Debtor will pay all unpaid Twenty-Day Claims, transfer the balance of the DIP Funds to the Committee, and the Committee will disburse the balance to the Unsecured Creditors Pro Rata. The Debtor and the Committee will file their respective "Notice(s) of Distribution" within ten (10) business days even if dismissal has occurred before December 31, 2008.

  5. In dismissing the Case, the Debtor further moves the Court for cause shown (i) as set forth in the Joint Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 in the Global Settlement Order between the Debtor, Fifth Third Bank, and the Committee (Doc. No. 192); (ii) at the hearing on said motion; and (iii) otherwise, to authorize and include in such dismissal provisions:

  A. To the extent applicable and pursuant to Code §349(b), the terms contained in the "Agreed Order of Global Settlement . . . and Hoover's Furniture, LLC" (Doc. No. 224), including specifically the terms contained in Paragraphs 8, 9, 10, 13, 14 and 15, and all other orders entered herein before dismissal shall remain in full force and effect and shall survive the dismissal of this Case.

  B. Any party not objecting to the relief requested by the Motion is barred from asserting any claims or causes of action against (A) this chapter 11 estate, (B) counsel for the Debtor, (C) the Committee and its members, and (D) counsel for the Committee.

  C. From and after the date of this Order and the Distribution Orders, none of the Debtor, the Committee or their respective president or former directors,

---

[2] This is the net amount remaining in the Escrow Account after payment of the Committee's professionals' allowed fees and expenses and can be distributed only to general unsecured creditors pursuant to the Global Settlement Order.

  officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity), shall have or incur any liability to any person or be liable to any person, for any act taken or not taken in connection with or related to the formation, preparation, dissemination, implementation, confirmation or consummation of the Motion (other than an action in contravention of the Motion or the implementation of this Order), or any contract, instrument, release, agreement or document created or entered into, or any other act taken or omitted to be taken in connection with the Motion.

 D. Upon the entry of this Order, the Committee should be and it will thereupon be dissolved and, but for the distribution and reporting requirements contained in the Committee's Order of Distribution (Doc. No. ___), shall then have no further responsibilities in this Case.

 E. This Court shall retain jurisdiction solely with respect to any matters, claims, rights or disputes arising from or relating to the implementations of this Order and the Distribution Orders.

## RELIEF REQUESTED

6. The Debtor moves for entry of the proposed "Agreed Order of Dismissal" between the Debtor, the Committee and the Fifth Third Bank dismissing this Case.

## GROUNDS FOR DISMISSAL

7. This Court has previously authorized dismissal via the entry of the Global Settlement Order.

8. This Court has authorization to dismiss a Chapter 11 Case for cause pursuant to Code §1112(b) as determined on a case by case basis. In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984) in its sound discretion.

9. Dismissal is predicated on the "best interests of the creditors' test. In re Warner, 83 B.R. 807, 809 (Bkrcy. Fla. 1988). Here this test is met because all of the Debtor's assets have been reduced to cash and are now to be distributed to creditors in order of the priority of the Code (by the Debtor) or pursuant to the Global Settlement Order limitation on the Escrow Account (by the Committee) and by the time the Agreed Order of Dismissal will have been entered all funds will

have been distributed by the Debtor and the Committee.

**NOTICE** is hereby given that if any creditor has objection to the matter proposed herein, said objection must be filed in writing with the Court stating viable grounds thereto, with service on Debtor's counsel, and said objecting creditor must appear at a later scheduled hearing date with counsel to argue said objection; otherwise, if no objections are filed within eighteen (18) days from the date of this notice, then an order sustaining the within matter will be tendered to the Court for entry at its discretion.

Respectfully submitted,

**BUNCH & BROCK**

By:   /s/ W. Thomas Bunch
**W. THOMAS BUNCH**
805 Security Trust Building
271 West Short Street
P. O. Box 2086
Lexington, Kentucky 40588-2086
(859) 254-5522

ATTORNEYS FOR DEBTOR

**CERTIFICATE OF SERVICE**

This is to certify that this Motion was served electronically in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, to the U.S. Trustee and all attorneys of record and by e-mail to the Second Master Service List (Doc. No. 64), and the remaining creditors in the original matrix not served electronically, by U.S. Mail, postage prepaid, on this the 10th day of December, 2008.

  /s/ W. Thomas Bunch
**W. THOMAS BUNCH**